**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| QUOC VIET, | ) |
| Plaintiff, | ) ) ) ) Judges: |
| vs. | ) ) ) ) |
| VICTOR LE d/b/a COPIER VICTOR, INC. | ) ) ) |
| Defendant. | ) ) ) ) |

# COMPLAINT

Comes the Plaintiff, Quoc Viet, and sues Defendant Victor Le d/b/a Copier Victor, Inc. (hereinafter "Le" or "Defendant"); as follows:

## I. PRELIMINARY STATEMENT

1. This action arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.*, (hereinafter, the "FLSA") and the common law of Tennessee for breach of an oral contract entered into by the parties.

## II. JURISDICTION

2. The matter in controversy involves a question of federal law, giving Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The matter in controversy also involves an ancillary claim that forms part of the same case or controversy as that claim which is within the original jurisdiction of the Court. This Court has supplemental jurisdiction of such ancillary claims pursuant to the provisions of 28 U.S.C. §1367.

4. Plaintiff was employed by Defendant in Knoxville, Tennessee. Venue is therefore proper in this District Court pursuant to 28 U.S.C. § 1391.

### III. PARTIES

5. Plaintiff is a citizen and resident of Sevier County, State of Tennessee.

6. Defendant is a citizen and resident of Loudon County, State of Tennessee. He can be served at 4723 Kingston Highway, Lenoir City, Tennessee, 37771.

7. Plaintiff reserves the right to amend this Complaint with leave of court to name and/or substitute as defendants any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

### IV. FACTS

8. In 2012 the parties entered into an oral contract for Plaintiff to seek out and purchase specific used photocopiers, for which Defendant would pay him a pre-determined set price or a percentage of the value of the photocopier. (Exhibit 1, Affidavit of Plaintiff, attached hereto).

9. Plaintiff was to deliver the used photocopiers to Defendant's warehouse and load the photocopiers into overseas shipping containers as part of his agreed-upon work as a supplier for Defendant.

10. Over a period of several years, the parties had a course of dealing whereby Plaintiff would supply the requested goods and Defendant would pay Plaintiff the agreed upon price for the goods. Plaintiff would send a spreadsheet to Defendant showing all transactions between the two parties. (Exhibit 2, Spreadsheet, attached hereto).

11. Defendant issued 1099 forms to Plaintiff for years 2012, 2013, 2014, and 2015.

12. Plaintiff should not have received a 1099 because he was a supplier of merchandise, not an independent contractor.

13. Plaintiff also worked as an employee for Defendant.

14. Defendant instructed Plaintiff to perform specific duties at Defendant's warehouse. Defendant would send Plaintiff lists of work tasks he was to perform. They communicated frequently, from two times per week to daily, about the tasks Plaintiff was supposed to do. Along with lists of his chores to do, Defendant included criticisms of Plaintiff's work. (Exhibit 3, communication about work, attached hereto).

15. Plaintiff was required to clean the warehouse, do paperwork for Defendant's company, write Defendant's checks to Defendant's vendors, sign for bills of lading for Defendant's company, pack other items (which Plaintiff did not supply) to Defendant into overseas shipping containers, drive to pick up other merchandise that Defendant was shipping from his business, and handle tax issues and disputes with the Internal Revenue Service on behalf of Defendant's company. Plaintiff was not paid the minimum wage or any overtime wage for his employment.

16. Defendant is engaged in interstate commerce because he routinely ships copiers and other goods for sale in Vietnam

17. Plaintiff worked well over forty (40) hours per week at Defendant's warehouse. Approximately thirty (30) of those hours per week were spent on employment duties, not on his supplier tasks.

18. In 2016, Defendant started paying Plaintiff for merchandise more slowly. He ceased paying Plaintiff altogether in mid-2016.

19. In September, 2016, Plaintiff refused to continue working in Defendant's warehouse because Defendant owed him so much money as a supplier.

20. Plaintiff was not aware that Defendant was required to pay him for the work he performed on behalf of Defendant's company. He thought he had to work for free in order to be a supplier to Defendant's company.

## V. CAUSES OF ACTION

### A. Breach of Contract

21. Paragraphs 1 through 20 are hereby realleged and incorporated in full by reference as if fully set forth herein.

22. Plaintiff has performed all of the covenants, conditions and promises required by him to be performed in accordance with the terms and conditions of the oral contract, by delivering the listed goods and packing them into shipping containers. Plaintiff faithfully and diligently performed, to the best of his ability, the duties and services required by the oral contract.

23. Defendant breached his agreement with Plaintiff by failing and refusing to perform as required by the oral contract when Defendant ceased paying Plaintiff the agreed-upon set prices or percentages.

24. As a result of the breach of the Defendant in his obligations pursuant to the contract, the sum of Seventy-Six Thousand, One Hundred and Twenty-Seven Dollars ($76,127) for goods delivered is now due, owing and unpaid. Demand has been made on Defendant for payment and he has failed and refused, and continues to fail and refuse to pay the sum due. (Exhibit 4, demand letter)

**B. Fair Labor Standards Act ("FLSA")**

25. Paragraphs 1 through 24 are hereby realleged and incorporated in full by reference as if fully set forth herein.

26. This cause of action is pled against Defendant Le individually and d/b/a Copier Victor, Inc.

27. Defendant's business was incorporated in Georgia but was administratively dissolved on December 7, 2016. (Exhibit 5, Georgia Secretary of State pages). Therefore, Defendant is not entitled to any status as a corporation.

28. Even if Defendant's business were to regain its corporate status, Defendant would be personally responsible for his failure to pay the minimum wage to Plaintiff.

29. Defendant violated the FLSA by failing to pay minimum wage to Plaintiff. Defendant failed to keep records as required by 29 C.F.R. §516.2.

30. Plaintiff worked approximately fifteen hundred and sixty hours (1560) without pay during the period from April 1, 2014 to March 31, 2015. He is owed Eleven Thousand Three Hundred Ten Dollars ($11,310) of minimum wage pay for that period.

31. Plaintiff worked approximately fifteen hundred and sixty hours (1560) without pay during the period from April 1, 2015 to March 31, 2016. He is owed Eleven Thousand Three Hundred Ten Dollars ($11,310) of minimum wage pay for that period.

32. Plaintiff worked approximately six hundred thirty hours (630) hours without pay during the period from April 1, 2016 until September 7, 2016. He is owed Four Thousand Five Hundred Sixty Seven Dollars ($4,567) of minimum wage pay for that period.

33. At all times hereinafter mentioned, Plaintiff was working in an essential part of the stream of interstate or foreign commerce. He was individually covered as he was engaged in the handling, shipping, and selling of goods or materials that have been moved in or produced for commerce.

34. Defendant had the power to direct, control and supervise Plaintiff and the work performed; Defendant had the power to hire or fire, modify employment conditions and determine the pay rates and methods of wage payment; Defendant owns the company and exercises significant control over its business functions. Defendant had complete operational control over all significant aspects of the day-to-day functions of the business known as Copier Victor, Inc. and effectively dominates the administration of the business known as Copier Victor, Inc. Consequently, Defendant is individually an employer under 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

35. Plaintiff was employed by Defendant as an employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

36. Plaintiff hereby consents to being named as party Plaintiff to this Action. (<u>Exhibit 6</u>, Consent, attached hereto).

37. Plaintiff is also entitled to liquidated damages under the FLSA as the violation of the Fair Labor Standards Act by Defendant was not objectively reasonable or done with subjective good faith.

## VI. DAMAGES

38. Paragraphs 1 through 37 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

39. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law and common law by the Defendant as alleged herein, Plaintiff has suffered damages in an amount according to proof, including but not limited to, lost wages in the amount of Twenty-Seven Thousand, One Hundred Eighty Seven Dollars ($27,187), lost interest on wages, pecuniary losses for contractual damages in the amount of Seventy-Six Thousand, One Hundred and Twenty-Seven Dollars ($76,127), negative tax consequences of receiving back wages in a lump sum, and other incidental and consequential damages and expenses.

40. Plaintiff further seeks liquidated damages in the amount of Twenty-Seven Thousand, One Hundred Eighty Seven Dollars ($27,187) because the failure of Defendant to comply with the FLSA as alleged herein was wilful, and further Defendant knew or should have known that his conduct was prohibited by the FLSA. Plaintiff is therefore entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

41. Plaintiff is further entitled to his reasonable attorneys fees' and costs pursuant to the provisions of the FLSA.

42. Plaintiff further seeks pre- and post-judgment interest.

## VII. PRAYER FOR RELIEF

43. Paragraphs 1 through 42 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

44. Plaintiff prays:

A. That the Court assume jurisdiction of this action and that process issue;

B. That Plaintiff be awarded damages in such amount as may be determined by a jury, including but not limited to damages for lost wages, lost interest on wages, pecuniary losses for contractual damages, negative tax consequences of receiving income in a lump sum, liquidated damages, and other incidental and consequential damages and expenses, in the amount to be proven at trial.

C. For pre- and post-judgment interest;

D. For attorneys' fees and costs as cited herein; and,

E. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 29th day of March, 2017.

    /s/ Katherine A. Young
Katherine A. Young, BPR No. 17178
YOUNG LAW OFFICE, P.C.
6700 Baum Drive, Suite 7
Knoxville, Tennessee 37919
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

Attorney for Plaintiff